UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK T. MARTIN,<br><br>                Petitioner,<br><br>   v.<br><br>B.M. TRATE,<br><br>                Respondent. | Case No. 1:23-cv-00145-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [1]<br><br>(Doc. No. 10)<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

      Petitioner Frank T. Martin ("Petitioner" or "Martin"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition"). The Petition raises one ground for relief: Petitioner is actually innocent of the armed career criminal enhancement imposed pursuant to 18 U.S.C. § 924(e)(2)(B) because several of his prior convictions are not violent felonies and therefore "are no longer qualifying predicates for the statutory enhancement." (*Id.* at 3, 10-14). Petitioner relies on *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*,

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 9).

579 U.S. 500 (2016)) as support for this claim.  (*Id*. at 6).  In response, Respondent filed a Motion to Dismiss the Petition on the basis that the Court lacked jurisdiction to review the § 2241 petition because the "escape hatch" of 28 U.S.C. § 2255 does not apply to Petitioner's claim.  (Doc. No. 10, "Motion").  Respondent attached portions of the record from Petitioner's court of conviction.  (Doc. No. 10-1).

On June 27, 2023, the Court permitted Respondent to file a supplemental response in light of the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. ---, 143 S. Ct. 1857 (2023), decided on June 22, 2023.  (Doc. No. 11).  On July 11, 2023, Respondent filed a supplement to the motion to dismiss arguing that dismissal of the Petition is compelled pursuant to *Jones*.  (Doc. No. 12).  On July 13, 2023, the copy of the June 27, 2023 Order mailed to Petitioner was returned to the Clerk as undeliverable, "attempted – not known." (*See* docket).  Petitioner has not filed an updated address as required by Local Rule 182(f) and the time to do so has expired.  For the reasons set forth more fully herein, the Court grants Respondent's Motion to Dismiss, and in the alternative, dismisses the petition pursuant to Local Rule for failure to prosecute.

## I. BACKGROUND

**A. Procedural History**

Petitioner is serving a 240-month cumulative plea-based sentence for federal crimes including three counts of knowingly distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), being a felon in possession of a firearm in violation of 18 U.S.C. § 924(a)(2), and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), imposed by the United States District Court for the Western District of Missouri (WDMO) in 2010.  *See United States v. Martin*, 4:10-cr-00299-GAF-1, Crim. Doc. No. 50 (W.D. Mo.)[2]; Doc. No. 10-1.

The United States Court of Appeals for the Eighth Circuit affirmed Petitioner's conviction and sentence on direct appeal.  Crim. Doc. No. 59; *United States v. Martin*, 714 F.3d 1081 (8th Cir. 2013).  In 2015, the WDMO denied Petitioner's § 2255 motion because, despite finding that

---

[2] The undersigned cites to the record in Petitioner's underlying WDMO criminal case as "Crim. Doc. No. _.".

his sentence was improperly imposed in part, his sentence as a whole did not exceed the statutory range. Crim Doc. No. 66; *Martin v. United States*, 150 F. Supp. 3d 1047 (W.D. Mo. Oct. 20, 2015). In 2023, Petitioner filed a motion for compassionate release under 18 U.S.C. § 3582 that included a demand for a reduced sentence. *See* Crim. Doc. No. 69. The WDMO denied his motion as an uncertified successive § 2255 (Crim Doc. No. 71), and Petitioner did not pursue certification from the Eighth Circuit Court of Appeals. (*See* docket).

## II. APPLICABLE LAW AND ANALYSIS

### A. Motion to Dismiss

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id.* at 1192. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Supreme Court's recent decision in *Jones v. Hendrix* forecloses Petitioner's claim. *Id.*, 143 S. Ct. at 1864. Therein, the Court held "that § 2255(e)'s savings clause does not permit a

prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*. The Supreme Court opined that § 2255(h) limits second or successive § 2255 motions to those that contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 1867. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means he cannot bring it at all." *Id.* at 1869.

Petitioner argues he has § 2241 jurisdiction under the savings clause of § 2255(e) based on the intervening statutory interpretation by the Supreme Court in *Mathis* and *Descamps*. Thus, pursuant to *Jones*, this Court lacks jurisdiction to consider Petitioner's claim. *See Bradley v. Brewer*, 2023 WL 5056952, at *1 (E.D. Cal. July 28, 2023) (finding lack of § 2241 jurisdiction under the savings clause to consider claim brought under *Descamps* and *Mathis* because they are cases of statutory interpretation).

### B. Failure to Prosecute

Petitioner was obligated to keep this Court informed of his proper address. Specifically:

> [a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]"). Petitioner was notified of his obligation to keep the Court informed of his address and advised that the Court would dismiss an action without prejudice if Petitioner does not update his address within sixty-three (63) days. (Doc. No. 3-1 at 4). Petitioner's change of address was due no later than September 21, 2023. As of the date of this Order, Petitioner has not filed a response to the Motion to Dismiss nor filed a change of

4

address and the time within which to do so has expired.

Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Cal. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current address); *Davis v. Kern Valley State Prison*, No. 1:22-CV-1489-JLT-EPG (PC), 2023 WL 2992980, at *1, fn 1 (E.D. Cal. Apr. 18, 2023). More than sixty-three (63) days has passed since the Court's June 27, 2023 Order was returned as undeliverable, and Petitioner has not filed a notice of change of address. Thus, Petitioner has failed to prosecute this action pursuant to Local Rule and dismissal is alternatively warranted on this ground.

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 10) is GRANTED and the Petition (Doc No. 1) is dismissed for lack of jurisdiction.
2. In the alternative the Petition (Doc. No. 1) is DISMISSED pursuant to Local Rule 183(b) for Petitioner's failure to prosecute this action.
3. The Clerk of Court is directed to terminate any pending motions/deadlines and close this case.

Dated:   September 29, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE